UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAKOTA KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>BRYCE WINSLOW,<br><br>Defendant. | CAUSE NO. 1:26-CV-551-JD-JEM |

OPINION AND ORDER

Dakota Kennedy, a prisoner without a lawyer, filed a complaint against Deputy Prosecutor Bryce Winslow. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Kennedy alleges Winslow "has continued to violate [his] due process and [his] 14th Amendment by holding [his] motion of discovery and not putting a notary stamp on [his] charging paperwork and [his] affidavit for search warrant and search warrant." ECF 1 at 2. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Absolute immunity shields prosecutors even if they act

maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted). Winslow's actions described in the complaint fall within the scope of prosecutorial duties, so he is protected by the prosecutorial immunity. *See Martin v. Goldsmith*, 2025 WL 3769723 (7th Cir. Dec. 31, 2025) ("Absolute immunity extends to actions involving the initiation of a prosecution, the presentation of the state's case in court, or actions preparatory for these functions." (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993)). As a result, Kennedy's complaint does not state a claim for which relief can be granted.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because it is frivolous to sue a defendant who is immune from suit.

SO ORDERED on October 29, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT